THIS LETTER IS IN RESPONSE TO YOUR REQUEST FOR AN ATTORNEY GENERALS OPINION REGARDING THE INTERPRETATION OF TITLE 21 O.S. 142.3(5) (1991). BECAUSE YOUR OPINION REQUEST INVOLVES A FACT SPECIFIC SITUATION AND BECAUSE THE INTERPRETATION OF THE CRIME VICTIM'S ACT IS WITHIN THE PROVINCE OF THE BOARD, THE ATTORNEY GENERAL HAS DECLINED TO RESPOND IN AN OFFICIAL OPINION.
SINCE THE AMENDMENT REGARDING "DEPRAVED MIND" IS SO RECENT, YOUR STAFF MAY HAVE BEEN INVOLVED IN THE DRAFTING OF THE AMENDMENT. YOU SHOULD INQUIRE WITH BOTH YOUR STAFF AND WITH THE DRAFTORS OF THE AMENDMENT TO DETERMINE THE APPROPRIATE DEFINITION AND CONCEPT OF A "DEPRAVED MIND". THE BOARD IS CONSIDERED TO HAVE THE EXPERTISE AND EXPERIENCE IN THE APPLICATION OF ITS OWN STATUTES. SINCE THE LANGUAGE OF THE STATUE IS NOT AMBIGUOUS, COURTS TYPICALLY GIVE PRESIDENTIAL VALUE TO THE HISTORICAL INTERPRETATION OF A STATUTE GIVEN BY THE GOVERNING BOARD. IN ADMINISTRATIVE PROCEEDINGS AND HEARINGS SUCH AS THE HEARINGS ON APPLICATION FOR VICTIM'S COMPENSATION, YOUR BOARD IS ENVIEWED WITH QUASI JUDICIAL POWERS. YOU ARE THE JUDGES IN DETERMINING WHAT SET OF FACTS EVENTS A DEPRAVED MIND.
I HAVE ATTACHED TO THIS LETTER A FORMAL ATTORNEY GENERAL OPINION, NO. 84-129, WHICH DISCUSSES THE CONCEPT OF WILLFUL AND WANTON BEHAVIOR WITHIN THE CONFINES OF THE CRIME VICTIM'S ACT. PERHAPS THIS ATTORNEY GENERAL OPINION WILL BE HELPFUL TO THE BOARD
(RACHEL LAWRENCE-MOR)